IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WESTFIELD INSURANCE COMPANY, )
)
        **Plaintiff,** )
)
  v. ) No. 14 C 1572
)
NATIONAL DECORATING SERVICE, )
INC. et al., )
)
        **Defendants.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant National Decorating Service, Inc.'s (National) motion to dismiss and on Defendant James McHugh Construction Company's (McHugh) motion to dismiss. For the reasons stated below, the motions to dismiss are denied.

## BACKGROUND

Plaintiff Westfield Insurance Company (Westfield) allegedly issued an insurance policy (Policy) to National. The Policy was initially effective from February 28, 2008 through February 28, 2009 and it was allegedly renewed three times until it expired on November 1, 2011. On January 3, 2012, Defendant Board of Managers of 200 North Jefferson Tower Condominium Association (Association)

1

brought an action (Underlying Action) in Illinois state court. The Association allegedly brought claims relating to alleged construction defects against McHugh, Defendant 200 North Jefferson, LLC (200 North), and Defendant MCZ/Jameson Development Group, LLC (MCZ). On January 9, 2014, McHugh allegedly filed a third-party complaint (Third-Party Complaint) against National. Westfield brought the instant action and includes in its amended complaint, a claim seeking a declaration that Westfield has no duty to defend or indemnify National in the Underlying Action (Count I), a claim seeking a declaration that Westfield has no duty to defend or indemnify McHugh in the Underlying Action (Count II), a claim seeking a declaration that Westfield has no duty to defend or indemnify 200 North in the Underlying Action (Count III), and a claim seeking a declaration that Westfield has no duty to defend or indemnify MCZ in the Underlying Action (Count IV). The court notes that Westfield has only included four counts in its amended complaint and has incorrectly labeled the fourth count as "Count V." (A Compl. 17). Westfield had named the Association as a defendant in this action and on August 27, 2014, Westfield voluntarily dismissed the claim brought against the Association. 200 North has filed an answer and crossclaim in this case, and the record reflects that Westfield is still attempting to execute service on MCZ. National and McHugh (collectively referred to as "Moving Defendants") now move to dismiss the claims brought against them.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

**DISCUSSION**

I. Procedural Posture of Case

Moving Defendants have failed to account for the procedural posture of this case in presenting their arguments. Moving Defendants seek as relief in the motions to dismiss to have the claims brought against them dismissed pursuant to Rule 12(b)(6). (Nat. Dis. 1, 7); (Mc. Dis. 1, 4). Moving Defendants also seek a declaration by the court that Westfield owes a duty to defend National and McHugh in the Underlying Action. (Nat. Mot. 14); (Mc. Mot. 14); (Reply 11). Rule 12(b)(6) authorizes a court to dismiss for failure to state a claim based on an insufficiency of the allegations in a complaint, or based upon facts that show a plaintiff has pled itself out of court. Fed. R. Civ. P. 12(b)(6); *see also Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009)(stating that "[a] motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted");
*Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011)(explaining that a plaintiff "can plead himself out of court by pleading facts that show that he has no legal claim"). The sole question before the court in reviewing the instant motion is whether Westfield's allegations when accepted as true and construed favorably in Westfield's favor plausibly suggest that it has a meritorious declaratory judgment claim. *Appert*, 673 F.3d at 622. It is premature for Moving Defendants to present arguments as to whether Westfield in fact has a duty to defend Moving Defendants or to seek declaratory relief in their favor. Nor does the record reflect that Moving Defendants have leave to convert their motions to dismiss pursuant to Rule 12(b)(6) into motions for summary judgment or a motion for judgment on the pleadings.

4

Thus, Moving Defendants improperly seek relief beyond the dismissal of this action in their motions to dismiss.

Moving Defendants also rely on old procedural law in presenting certain arguments. For example, McHugh quotes its Rule 12(b)(6) pleading standard from *St. Paul Fire and Marine Ins. Co. v. Rausch Const. Co., Inc.*, 2004 WL 2423816 (N.D. Ill. 2004). (Mc. Mot. 4). While *Rausch* presented the correct Rule 12(b)(6) pleading standard in 2004, and cited *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that is no longer the federal pleading standard. *Twombly*, 550 U.S. at 545; *Iqbal*, 556 U.S. 677-87. Nor do Moving Defendants rely on authority that coincides with the procedural posture of this case. National, for example, argues that "whether an insurer must defend the insured is a question of law" and cites to *Connecticut Indem. Co. v. DER Travel Service, Inc.*, 328 F.3d 347 (7th Cir. 2003). (Nat. Dis. 8). However, in *DER Travel*, the Seventh Circuit reviewed a district court's ruling as a matter of law on a motion for summary judgment, not a motion to dismiss. *Id.* at 349, 351. Moving Defendants also present in their joint reply a quote from a case which explains what standard the court should apply "[i]n a summary judgment proceeding. . . ." (Reply 8). Moving Defendants in fact cite extensive case law which involves the review of rulings on motions for summary judgment such as *West Bend Mut. Ins. Co. v. Mulligan Masonry Co., Inc.*, 786 N.E.2d 1078 (Ill. App. Ct. 2003) and *LaRotunda v. Royal Globe Ins. Co.*, 408 N.E.2d 928 (Ill. App. Ct. 1980). (Nat. Dis. 8); (Mc. Dis. 5). Moving Defendants have thus applied the incorrect procedural law in supporting the instant motions and their arguments applying the

5

incorrect procedural law are not on point.

II. Existence of a Controversy

Moving Defendants argue that this case should be dismissed because there is no "real controversy" in this case. (Reply 2). Moving Defendants cite to *Infinity Broadcasting Corp. of Illinois v. Prudential Ins. Co. of America*, 869 F.2d 1073 (7th Cir. 1989) in which the Seventh Circuit held that "[a] plaintiff will have raised a cause of action for a declaratory judgment if the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 1075 (internal quotations omitted)(quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)). Although Moving Defendants give only a conclusory explanation as to why they believe no controversy exists in this case, (Reply 3), it appears they contend that if the court accepts their interpretation of the facts in this case there is nothing left to dispute in this case and thus no "controversy." However, the pleading standard does not provide that the court is to view all facts in favor of the movant. Westfield has presented facts and arguments in opposition to Moving Defendants' position and has shown that there are adverse legal interests between the parties and that there is a substantive controversy between the parties in this case. To the extent that Moving Defendants intended their argument as to there being no "controversy" to mean that they are entitled to judgment as a matter of law, such an argument would be premature at the pleadings

6

stage. At the summary judgment stage, Moving Defendants may seek a judgment as a matter of law and Westfield will need to point to sufficient evidence to support its claims.

III. Sufficiency of Allegations

Moving Defendants argue that Westfield has failed to state a valid claim for relief against them. Westfield alleges that the Policy states the following:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply. We may, at our discretion, investigate any 'occurrence' and settle any claim or 'suit' that may result. . . .

(A Compl. Par. 25). Westfield also alleges that the Policy and subsequent endorsement provide the following: "This insurance applied to 'bodily injury' or 'property damage' only if: (1) The 'bodily injury' or 'property damage['] is caused by an 'occurrence' that takes place in the coverage territory. . . ." (A Compl. Par. 29). The Policy and subsequent endorsement also allegedly provide that an "'[o]ccurence' means an accident or offense resulting in 'personal injury' or 'property damage.'" (A Compl. Par. 29). Westfield alleges that the Underlying Action is based on alleged construction defects on a job worked on by Moving Defendants. The parties dispute whether coverage is owed under the policy based on the use of the terms "occurrence" and "accident" in the Policy. Moving Defendants

7

also present arguments as to what parties qualify as additional insureds. However, Moving Defendants' arguments are premature at this pleading stage and fail to address the sufficiency of the allegations in the complaint, which is the issue before the court. Moving Defendants seek to draw inferences in their favor, when at this juncture, Westfield, the non-movant, is entitled to have inferences drawn in its favor. Westfield's allegations as to the basis for the Underlying Action and Third-Party complaint in that case, are sufficient when accepted as true to plausibly suggest that Westfield has valid claims for relief. Moving Defendants also point to references by Westfield in its amended complaint to damage "to the property of the Plaintiff," and to allegations of damage to certain floors and ceilings. (Reply 3, 6). Moving Defendants interpret such allegations in a manner to indicate that a possibility of coverage under the Policy exists. However, again such allegations, when accepted as true, and when inferences are made in favor of Westfield, Westfield has not pled itself out of court and shown by its own allegations that it cannot prevail on its claims in this case. Nor is Westfield required to plead all specific facts at this juncture. Westfield has alleged sufficient facts to plausibly suggest a claim for relief against National and McHugh.

Moving Defendants also argue that it is premature to address Westfield's duty to indemnify and request that the court dismiss the declaratory relief relating to the duty to indemnify. The duty to defend is generally broader than the duty to indemnify and often the duties coincide. *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003); *Nationwide Ins. v. Zavalis*, 52 F.3d 689,

691-93 (7th Cir. 1995). Once the duty to defend issue is resolved in the instant action, the court will address the duty to indemnify and determine at that juncture whether the court will decline to resolve the declaratory relief sought relating to that duty in this action. Based on the above, Moving Defendants' motions to dismiss are denied.

## CONCLUSION

Based on the foregoing analysis, National's motion to dismiss and McHugh's motion to dismiss are denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 9, 2014